IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM I. KOCH and BRADLEY GOLDSTEIN,<br><br>                    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>                    Defendant. | Case No. 22 Civ. 3712<br><br>ECF CASE |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief. William I. Koch and Bradley Goldstein (together, "Plaintiffs") seek processing and release of agency records requested from Defendant.

2. On July 15, 2021, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to the Executive Office for United States Attorneys ("EOUSA"), a component of the U.S. Department of Justice, seeking release of records held by the U.S. Attorney's Office for the Southern District of New York relating to the now-closed prosecution of Rudy Kurniawan, a wine counterfeiter who sold thousands of bottles of counterfeit rare wine into the U.S. market.

3. Rather than searching for and releasing any segregable non-exempt information in its possession, EOUSA denied the FOIA request in full, claiming all responsive records were "categorically" exempt.

4. Because the prosecution of Rudy Kurniawan is now closed, and because Defendant possesses records that are not exempt from release under FOIA, Plaintiffs now ask the Court for an injunction requiring EOUSA to promptly release the requested records.

## PARTIES

5. Plaintiff William I. Koch is a businessman, philanthropist, and wine collector.

6. Plaintiff Bradley Goldstein is a media professional, writer, investigator, and commentator one the wine industry.

7. Defendant U.S. Department of Justice is an "agency" of the United States within the meaning of 5 U.S.C. §552(f)(1). It has its headquarters in Washington, D.C. Upon information and belief, EOUSA, a component of the U.S. Department of Justice, has records responsive to the FOIA request.

## JURISDICTION

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

9. Venue is premised on the location of the responsive records and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

10. Plaintiffs have exhausted all administrative remedies available in regard to the request at issue pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

11. On July 15, 2021, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to EOUSA seeking release of "[a]ny records held by the U.S. Attorney's Office for the Southern District of New York relating to the investigation of Rudy Kurniawan, the prosecution of Rudy Kurniawan, *United States of America v. Rudy Kurniawan*, 12-cr-376 (S.D.N.Y.) (RMB), or any asset forfeiture or civil matters related to Rudy Kurniawan."

12. On July 28, 2021, EOUSA acknowledged receipt of the FOIA request and denied it in full pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6), and Exemption 7(C), 5 U.S.C. § 552(b)(7)(C).

13. Prior to denying the FOIA request, EOUSA conducted no search for responsive records.

14. Prior to denying the FOIA request, EOUSA made no determination that any specific responsive record(s) were exempt from disclosure.

15. Prior to denying the FOIA request, EOUSA made no determination whether any responsive record contained any segregable non-exempt information.

16. Prior to denying the FOIA request, EOUSA made no determination that the release of any specific responsive record would constitute an unwarranted invasion of personal privacy of any identifiable individual.

17. Without searching for or assessing any specific responsive record, EOUSA determined that all responsive records were categorically exempt from disclosure.

18. EOUSA determined that all information is every responsive record was exempt from disclosure solely on the grounds that some responsive records included some information which identified an individual and that fact alone justified denying the FOIA request in full under Exemptions 6 and 7(C).

19. On August 8, 2021, Plaintiffs appealed EOUSA's decision to the Department of Justice's Office of Information Policy ("OIP"). Plaintiffs contended that EOUSA failed to conduct a search for responsive records as required by FOIA and failed to establish that any particular information in the responsive records was exempt from disclosure. Plaintiffs further contended that EOUSA violated FOIA by failing to release all segregable non-exempt information contained within the responsive records.

20. On September 14, 2021, OIP denied Plaintiffs' appeal. Like EOUSA, OIP did not review any responsive records or consider whether any specific responsive record contained segregable non-exempt information.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

21. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

22. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any segregable non-exempt information contained in records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

23. Defendant had no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

24. Plaintiffs are entitled to an order compelling Defendant to produce records responsive to their FOIA request.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that the documents sought by the FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2. Order Defendant U.S. Department of Justice to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

4. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: May 6, 2022

BOND, SCHOENECK & KING PLLC

By: _____
John D. Clopper
One Lincoln Center
Syracuse, New York 13202-1355
(315) 218-8000
jclopper@bsk.com

*Counsel for Plaintiffs*